**Bradley MILLER, et al., Plaintiffs,**

v.

**John S. JEFFERS, In his Official Capacity as Director of the Division of Rehabilitation Services of West Virginia, et al., Defendants.**

No. Civ.A. 3:97–1214.

United States District Court,
S.D. West Virginia,
Huntington Division.

May 1, 2001.

Mark T. Wade, R. Bruce Carlson, Robert Peirce & Associates, Pittsburgh, PA,

Karl E. Osterhout, Wade Osterhout & Casey, LLP, Allison Park, PA, for plaintiffs.

James W. Thomas, John Philip Melick, Jackson & Kelly, Charleston, WV, for Tri-State Occupational Medicine, Inc., Bruce A. Guberman, M.D., Charles M. Paroda, M.D., defendants.

Darrell V. McGraw, Jr., Office of the Attorney General, Charleston, WV, Robert M. Nunley, Institute, WV, Donald L. Darling, Deputy AG, Office of the Attorney General, Charleston, WV, for John S. Jeffers, defendant.

Victor J. Pane, Social Security Administration, Philadelphia, PA, Stephen M. Horn, United States Attorney's Office, Charleston, WV, Chief Counsel, Office Of The General Counsel, Assistant Regional Counsel, Philadelphia, PA, David W. Ogden, Acting Asst. Attorney General of the U.S., U.S. Department of Justice, Washington, DC, Judry L. Subar, Richard G. Lepley, U. S. Department of Justice, Washington, DC, for Kenneth Apfel, defendant.

## ORDER GRANTING DISMISSAL OF DEFENDANT APFEL

CHAMBERS, District Judge.

Defendant Kenneth S. Apfel, Commissioner of the Social Security Administration (SSA), moved to dismiss the Third Amended Complaint on two grounds. First, Defendant Apfel contends that Plaintiffs' claims against him are barred by the Administrative Procedures Act (APA) which precludes judicial review of decisions "committed to agency discretion." Second, Defendant Apfel asserts that Plaintiffs failed to exhaust their administrative remedies and cannot justify waiver of the exhaustion requirement. For the reasons that follow, the Court agrees with Defendant Apfel's first argument and, therefore, **GRANTS** his motion and **DISMISSES** him from this action.[1]

Plaintiffs' Third Amended Complaint states their cause of action against Defendant Apfel in his official capacity. That complaint incorporates the allegations contained in their First Amended Complaint which named only Defendant John S. Jeffers, the state official who directs the Division of Rehabilitation Services of West Virginia (DRS), the agency which makes disability determination, and the Second Amended Complaint which first asserted a claim against Defendant Apfel.[2] Plaintiffs' claims have focused on the consultative examination process followed by the state agency in its handling of Plaintiffs' disability claims. Arguing that consultative exams have been improperly ordered and performed in violation of federal regulations which specify when and how consultative examinations are to be used in deciding a disability claim, Plaintiffs seek declaratory and injunctive relief, including reconsideration of their claims. The Third Amended Complaint was filed to avoid the risk of dismissal when Defendant Apfel pointed out that it failed to state a claim against him. The express purpose of the Third Amended Complaint was to state a claim against Defendant Apfel for his failure to monitor the consultative examination process as required by federal law and SSA's own regulations. Obtaining leave from the Court, Plaintiffs alleged that Defendant Apfel has a statutory duty to "monitor both the referral processes and the product" of consultative exams; that "[t]o the extent that the state defen-

1. Given the Court's decision under the APA, the Court need not address the exhaustion issue.

2. Plaintiffs' original Complaint only named the Division of Rehabilitation Services of West Virginia as the defendant.

dant ... has failed to adequately administrate its consultative examination program ... this failure stems, in whole or in part, from SSA's failure to perform its statutory and regulatory duty[;]" and that Defendant Apfel "failed to adequately oversee and monitor the consultative examination program ." *Third Amended Complaint,* ¶¶ 71–73.

In his motion to dismiss, Defendant Apfel argues that the APA applies and governs this Court's authority to review the agency's decisions. Under 5 U.S.C. § 701(a)(2) of the APA, judicial review may not be undertaken for decisions committed to the agency's discretion by law,[3] and Defendant Apfel asserts that his duty to monitor the consultative examination process and product consists of discretionary actions that are beyond this Court's review. While judicial review of the decisions of SSA is expressly permitted by Congress in 42 U.S.C. § 405(g),[4] the provisions of the APA nonetheless apply. Jurisdiction is afforded by § 405(g), assuming administrative remedies have been exhausted or waiver of the exhaustion requirement is demonstrated, but the Court must turn to the APA to conduct its review. *Interstate Commerce Commission v. Brotherhood of Locomotive Engineers,*

482 U.S. 270, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1987). Plaintiffs' argument blurs the distinction between the jurisdictional grant of federal judicial review and the scope of that review. It is clear from *Weinberger v. Salfi,* 422 U.S. 749, 760–61, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), and *Heckler v. Ringer,* 466 U.S. 602, 615, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984), that, because Plaintiffs' underlying social security disability claims provide the standing and substantive basis for this lawsuit, judicial review is afforded under § 405(g).[5] The fact that the Supreme Court has held that the APA does not provide an independent basis for judicial review is inapposite. *See Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977). The critical question here is: Given jurisdiction to conduct judicial review, what are the attributes or standards for that review? Section 405(g) provides no standard other than the substantial evidence standard, familiar to the review of disability claim decisions. However, the substantial evidence standard has no application to the issue raised by Plaintiffs' complaint against Defendant Apfel, and the Court perceives no reasoned basis to find the APA's review standards inapplicable.

---

3. Section 701(a)(2) provides that "[t]his chapter applies, according to the provisions thereof, except to the extent that ... agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2).

4. In relevant part, § 405(g) provides:

   Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days.... The findings of the Secretary at to any fact, if supported by substantial evidence, shall be conclusive....
   42 U.S.C. § 405(g).

5. Further, § 405(h) precludes this Court from exercising federal question jurisdiction. This section provides:

   **(h) Finality of Commissioner's decision**
   The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.
   42 U.S.C. § 405(h).

■ Section 701(a)(2) of the APA eliminates judicial review of agency action "committed to agency discretion by law." 42 U.S.C. § 701(a)(2). This provision must be construed narrowly and applies only in the rare circumstances where the statutes are drawn in such broad terms that in a given case there is no law to apply. *Citizens to Preserve Overton Park, Inc. v. Smith*, 401 U.S. 402, 410, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971).

■ In this case, 42 U.S.C. § 421(j), the substantive statute relied upon by Plaintiffs, fails to provide standards by which this Court could review Defendant Apfel's monitoring of the consultative examination process and product.[6] The statute directs Defendant Apfel to develop regulations addressing the consultative examination process and oversight but vests discretion with the SSA to design and implement that process. Plaintiffs' Third Amended Complaint asserts that Defendant Apfel has failed to comply with his duty to oversee and monitor the consultative examination process and that he has allowed the state agency to violate federal regulations describing when and how the consultative examinations are to be used. Although Plaintiffs' complaint focuses on Defendant Apfel's duty to monitor and oversee the state agency's use of consultative examinations, Plaintiffs, in their argument against this motion, conflate that duty with the state's day-to-day management of the consultative examinations process. Any fair reading of the regulations conclusively rebuts that argument. The language and structure of the regulations contemplate that the DRS is responsible for deciding when to obtain a consultative exam, whom to select, and whether the exam and report comport with the standards. SSA in turn monitors the referral processes through its review of DRS's performance. 20 C.F.R. § 404.1519s and 1519t. Neither the regulations nor the statute specify any particular requirements or guidelines that would delineate or restrict the agency's discretion in exercising its oversight authority. This authority is eliminated from judicial review as action committed to agency discretion by law. Plaintiffs do not contend that Defendant Apfel has violated his own regulations detailing the federal agency's monitoring and oversight of the state agency's use of consultative exams. Thus, Plaintiffs seek judicial review of Defendant Apfel's alleged failure to exercise his enforcement authority over the state agency. In *Heckler v. Chaney*, 470 U.S. 821, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985), the Court specially considered § 701(a)(2) in the context of an agency decision not to exercise its enforcement authority. Under *Chaney*, an agency's decision not to seek enforcement is presumptively unreviewable, and such presumption may be overcome only where the substantive statute provides guidelines for the agency to follow in exercising its enforcement authority. That failure to act is a matter of discretion on the part of Defendant Apfel and the statute provides no standards by which this Court may review his inaction.

---

6. Plaintiffs cite § 421(j) in paragraph 71 of their Third Amended Complaint. This section provides, in part:

(j) **Rules and regulations; consultative examinations**
The Commissioner of Social Security shall prescribe regulations which set forth, in detail—
(1) the standards to be utilized by State disability determination services and Federal personnel in determining when a consultative examination should be obtained in connection with disability determinations;
(2) standards for the type of referral to be made; and
(3) procedures by which the Commissioner of Social Security will monitor both the referral processes used and the product of professionals to whom cases are referred.
42 U.S.C. § 421(j), in part.

Accordingly, for the foregoing reasons, the Court agrees with Defendant Apfel that Plaintiffs' claims against him are barred by the Administrative Procedures Act (APA) and, therefore, the Court **GRANTS** his motion and **DISMISSES** him from this action.

The Clerk is directed to forward a copy of this Order to counsel of record and any unrepresented parties and to publish this Opinion at the Court's web site: www.wvsd.uscourts.gov.